# SENTENCE DATA SHEET

| | |
|---|---|
| **CRIMINAL NO.:** | H-22-321-S |
| **DEFENDANT:** | Kenneth Anim |
| **DEFENDANT'S IMMIGRATION STATUS:** | United States Citizen |
| **GUILTY PLEA:** | Count Two of the Superseding Indictment |
| **SUBSTANCE OF PLEAB AGREEMENT:** | Pursuant to Rule 11(c)(1)(A) and (B) -Defendant will plead guilty to Count Two of the Superseding Indictment and agrees: |

(1) to waive his right to appeal except to a sentence in excess of the statutory maximum and to ineffective assistance of counsel;

(2) that he is accountable for the underlying offense of wire fraud under subsection (a)(1)(A) of Section 1B1.3 (Relevant Conduct) of the United States Sentencing Guidelines;

(3) that the loss from defendant's criminal conduct in this scheme was Five Million Three-Hundred Thirty Thousand Eight Hundred Eighty-Nine Dollars ($5,330,889);

(4) that defendant will pay restitution of Five Million Three-Hundred Thirty Thousand Eight Hundred Eighty-Nine Dollars ($5,330,889) to the victims;

(5) there is NO potential for a motion for downward departure under Section 5K1.1 of the Sentencing Guidelines.

The United States agrees:

(1) If defendant accepts responsibility for his conduct, the United States agrees it will not oppose a downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b);

(2) After sentencing, the United States will move to dismiss the Indictment and counts one, three, four, and five of the Superseding Indictment pending against defendant.

**COUNT ONE:** 18 U.S.C. § 1960 – Operating an Illegal Money Transmitting Business

**ELEMENTS:**

(1) the defendant knowingly conducted, controlled, managed, supervised, directed, or owned all or part of an unlicensed money transmitting business;

(2) the unlicensed money transmitting business affected interstate or foreign commerce;

(3) defendant operated the unlicensed money transmitting business without an appropriate money transmitting license in a State where such operation is punishable as a misdemeanor or a felony under State law, whether or not the defendant knew that the operation was required to be licensed or that the operation was so punishable;

(4) defendant failed to comply with the money transmitting business registration requirements under section 5330 of Title 31, United States Code, or regulations prescribed under such section; or

(5) was otherwise involved in the transportation or transmission of funds that were known to the defendant to have been derived from a criminal offense or are intended to be used to promote or

support unlawful activity;

**PENALTY:** The statutory maximum penalty for violation of this statute includes imprisonment for a term up to 5 years and a fine of up to $250,000.

**SUPERVISED RELEASE:** Up to maximum of three (3) years (18 U.S.C. § 3559(a)(4) and § 3583(b)(2)); if the defendant violates the conditions of any period of supervised release, then the defendant may be imprisoned for the entire term of the supervised release without credit for time already served on the term of supervised release prior to such violation (18 U.S.C. § 3559(a)(4) and § 3583(e)(3)).

**SPECIAL ASSESSMENT:** $100 per count of conviction (18 U.S.C. § 3013)

**SENTENCING GUIDELINES:** Advisory.

**PLEA AGREEMENT:** Copy provided to the Court.